UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAINTBALL PLAYERS PRODUCTIONS, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**MAJESCO ENTERTAINMENT COMPANY,**<br><br>Defendant. | Civ. No. 2:12-06143 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　This matter comes before the Court *sua sponte* upon review of its docket. For the reasons set forth below, the Court will **DISMISS** the Complaint **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

　　"The Court begins its analysis, as it must, with the threshold issue[] . . . of subject matter jurisdiction." *Tullet Prebon, PLC v. BGC Partners, Inc.*, No. 9-5365, 2010 WL 2545178, at *3 (D.N.J. June 18, 2010). It is Plaintiff's burden to establish that jurisdiction. *Rothberg v. Marger*, No. 11-5497, 2012 WL 1883505, at *2 (D.N.J. May 21, 2012). Because Plaintiff has failed to meet its burden, the Court will *sua sponte* dismiss the Complaint. *See Woodall v. Geist*, No. 9-4975, 2010 WL 1838433, at *4 (D.N.J. May 5, 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

　　The Complaint asserts exclusively state law claims under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity," which means that no plaintiff and defendant can be citizens of the same state. *Zambelli Fireworks, Mfg. Co. Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). According to Plaintiff Paintball Players Productions, LLC,

Defendant Majesco Entertainment Company is a Delaware corporation that has its principal place of business in New Jersey.  Compl. ¶ 8.  It follows that Majesco is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).  Paintball Players purports to be a "company" owned by Greg Hastings, "founded in 2003 and incorporated under the laws of the State of Washington."  Compl. ¶ 7.  This information is not sufficient to establish citizenship for purposes of 28 U.S.C. § 1332.

As a limited liability company, Paintball Players takes on the citizenship of each of its members.  *Zambelli*, 593 F.3d at 420.  If Mr. Hastings is the only person or entity with an ownership interest in Paintball Players, then Plaintiff's citizenship is determined by Mr. Hastings's domicile.  *Id.* at 419.  Plaintiff does not say where Mr. Hastings is domiciled.  If others have ownership interests in Paintball Players, their citizenship must be considered, as well.  *Id.*

Accordingly, the Court will *sua sponte* **DISMISS** the Complaint **WITHOUT PREJUDICE**.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 11, 2012**